UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELAINE MAZZEO,<br><br>               Plaintiff,<br>v.<br><br>AMERICAN STATES INSURANCE CO.,<br><br>               Defendant. | 3:14-cv-00361 (CSH) |

**ORDER**

**HAIGHT, Senior District Judge:**

**I.      INTRODUCTION**

In this action for damages arising out of an automobile accident, Plaintiff, who describes herself as "an insured person and a covered person under" an insurance policy issued by Defendant American States Insurance Company, avers that Defendant had, presumably in line with the terms contained within such policy, agreed to pay her compensatory damages [to which Plaintiff] is legally entitled to recover from the owner or operator of an underinsured motor vehicle." *See* [Doc. 1] at ¶7. Plaintiff's Complaint, filed on March 21, 2014, alleges as a basis for subject matter jurisdiction in this Court a complete diversity of citizenship between the parties as of that date. *See id.* at 1. Specifically, Plaintiff states that she "is a resident of the State of New York and the defendant is a resident of a state other than New York and maintains offices and licensure in the State of Connecticut, including a Customer Care Center at 312 Farmington Avenue, Farimington, CT." *Id.* Plaintiff thus concludes: "Jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1), and the amount in controversy exceeds $75,000.  Venue is appropriate in this district

pursuant to 28 U.S.C. § 1391." *Id.*

Clarification on subject matter jurisdiction, however, is required, as Plaintiff's Complaint does not sufficiently allege complete diversity of citizenship. This failure to sufficiently allege the parties' diversity of citizenship is clearly established by authority that, while by now familiar, is nonetheless often disregarded by counsel, as did counsel for Plaintiff in the case at bar.

**II.     SUBJECT MATTER JURISDICTION**

In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As the Second Circuit recently noted, "[w]here jurisdiction is lacking, ... dismissal is mandatory." *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) (internal quotations and citation omitted).

Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte*. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also, e.g., Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (holding that district court may raise issue of subject matter jurisdiction *sua sponte* at any time). It is, in fact, "common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise

the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983).

In order for requisite diversity of citizenship to exist under 28 U.S.C. § 1332(a), a plaintiff's citizenship must be diverse from the citizenship of all defendants to an action. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Such complete diversity "must exist *at the time the action is commenced*," *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002) (emphasis added), which in the case at bar is March 21, 2014, the date on which Plaintiff's initial Complaint, i.e., [Doc. 1], was filed.

As an initial matter, Plaintiff avers that she "is a resident of the State of New York." [Doc. 1] at 1. An individual's *citizenship* for diversity purposes, however, is determined by his or her *domicile*, not his or her *residence*. *See, e.g., Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Courts have "long ... held that a statement of residence, unlike domicile, tells the court only where the parties are *living* and not of which state they are *citizens*." *John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) (emphasis added). Thus it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)). Plaintiff's assertion that she "is a resident of the State of New York," [Doc. 1] at 1, consequently falls short of establishing her domicile.

The differences between a domicile and a residence are straightforward. "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation," which is

to say, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983); *see also, e.g., Palazzo v. Corio*, 232 F.3d at 42.  In contrast, the United States Supreme Court has described "residency" as occurring "when a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum*, 461 U.S. at 331.  A "residency," therefore, may be taken up for personal or business reasons and may be either permanent *or* solely for a period of time.  *Id.*  The test for an individual's residency is thus significantly less stringent than the "more rigorous domicile test." *Id.*  Given that "one can *reside* in one place but be *domiciled* in another," for jurisdictional purposes, the term "'[d]omicile' is not necessarily synonymous with [the term] 'residence.'" *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted).  For the reasons explicated *supra*, a court may not and cannot simply infer the latter from the former.  *See, e.g., Realty Holding Co. v. Donaldson,* 268 U.S. 398, 399 (1925).

      Plaintiff's assertions with respect to Defendant are also insufficient to establish Defendant's citizenship for diversity purposes.  Plaintiff states that Defendant "is a resident of a state other than New York and maintains offices and licensure in the State of Connecticut, including a Customer Care Center at 312 Farmington Avenue, Farmington, CT." [Doc. 1] at 1.  It is not clear from the Complaint whether Defendant is a corporation or an LLC.  If Defendant is a corporation, pursuant to 28 U.S.C. § 1332(c)(1) it will be "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also, e.g., PHL Variable Insurance Co. v. Freundt & Associates Insurance Services, Inc.*, No. 3:13-CV-01314, 2013 WL 4833829 at *2 (D.Conn. 2013).  Accordingly, if Defendant is a corporation, Plaintiff must state with specificity any State in which Defendant is incorporated as well

as the State in which it has its principal place of business. If any such State is the same State of which Plaintiff is a citizen, complete diversity will not exist in the action at bar.

If Defendant is an LLC, however, its "citizenship for diversity purposes ... [is] the citizenship of *each of its members*." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(emphasis added), *cert. denied,* 549 U.S. 1047 (2006). Therefore in a diversity inquiry the Court need not look to "the state in which [this Defendant] is organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citation omitted); *see also, e.g., Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 127 n. 13 (2d Cir. 2011); *Marks Group, LLC v. Schiciano*, No. 3:10-CV-01898, 2011 WL 6816552 at *2 (D. Conn. 2011). Should Defendant be an LLC, if any of its members are citizens of the same State of which Plaintiff is a citizenship, diversity will not be present in the matter before this Court.

Accordingly, the citizenship of all parties to this action must be confirmed.

### III. **CONCLUSION**

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Plaintiff to establish, by affidavit, both its own citizenship and the citizenship of Defendant for diversity purposes as of the date this action was commenced by the filing of Plaintiff's Complaint, [Doc. 1], i.e., March 21, 2014. Plaintiff shall file and serve such affidavit regarding citizenship on or before **Friday, April 11, 2014.** All case deadlines shall be stayed pending the Court's review of this affidavit. If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed. Otherwise, in the absence of such jurisdiction, the Court

shall dismiss the action without prejudice.

    It is SO ORDERED.


Dated: New Haven, Connecticut
       March 21, 2014

                                    */s/ Charles S. Haight, Jr.*
                                    Charles S. Haight, Jr.
                                    Senior United States District Judge