UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ELAINE MAZZEO | \* | |
| Plaintiff, | \* | |
| v. | \* | Case No.: 3:14-cv-00361(DJS) |
| | \* | |
| AMERICAN STATES INSURANCE CO. | \* | |
| Defendant. | \* | JULY 21, 2015 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED COMPLAINT

### JURISDICTIONAL STATEMENT

The Plaintiff is a resident of the State of New York and the defendant is a resident of a state other than New York and maintains offices and licensure in the State of Connecticut, including a Customer Care Center at 312 Farmington Avenue, Farmington, CT. Jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1), and the amount in controversy exceeds $75,000. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

### OPERATIVE ALLEGATIONS

**COUNT ONE:**     **Breach of Contract**

1.     On August 27, 2013, the plaintiff was operating a motor vehicle on Tomahawk Ave. in Somers, New York.

2.     At the above time and place, the tortfeasor, Tomas Salguero-Ramirez, was operating an underinsured motor vehicle in the opposite direction on the same public highway.

3. At the above location, the tortfeasor crossed the center line, in violation of various common law and statutory rules of the road, and negligently struck plaintiff's car head on in the plaintiff's lane, thereby causing her to suffer serious and permanent injuries, including fractures, emotional distress, loss of life's enjoyments, medical expenses and loss of wages and earning capacity.

4. The aforesaid collision and resultant injuries to the plaintiff were proximately caused by the negligence and carelessness of the tortfeasor.

5. The liability insurance coverage for the tortfeasor has been exhausted, and is insufficient to compensate the plaintiff for her losses.

6. The defendant, American States Insurance Company ("SAFECO"), is duly licensed to transact insurance business in the State of Connecticut and operates within the State of Connecticut.

7. In consideration of a premium paid by the plaintiff, the defendant, SAFECO, issued to the plaintiff a policy of insurance (Policy No.: K2052880, hereinafter the "Policy"), with supplementary underinsured motorist bodily injury coverage. Pursuant to the terms of this policy, the defendant agreed to pay compensatory damages which the covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because bodily injury sustained by a covered person and caused by an auto accident.

8. The vehicle operated and owned by tortfeasor was an underinsured vehicle under the policy because the total of all limits of liability under all bodily injury liability bonds and policies, applicable at the time of the accident, is less than the limits of UM/UIM coverage as shown in the Declarations of the policy, namely $500,000.

9. On the date of this incident, while the defendant's policy was in full force and effect, the plaintiff, an insured person and a covered person under the aforesaid policy, sustained bodily injuries of a serious and painful nature, which resulted in permanent disabilities when the vehicle which she was operating was struck by a motor vehicle operated by tortfeasor.

10. The plaintiff is legally entitled to recover damages from the defendant under the law and the provisions of the policy.

11. Further, the defendant, SAFECO, breached the contract of insurance by improperly depleting the subject policy limits, without notice to or consent by the plaintiff, by compromising a claim of the Estate of Dimitrios Caratzas, a deceased passenger within plaintiff's vehicle, when the Estate had other sufficient coverage available to it.

**COUNT TWO:** **Tortious Breach of the Covenant of Good Faith and Fair Dealing**

1. On August 27, 2013, the plaintiff was operating a motor vehicle on Tomahawk Ave. in Somers, New York.

2. At the above time and place, the tortfeasor, Tomas Salguero-Ramirez, was operating an underinsured motor vehicle in the opposite direction on the same public highway.

3. At the above location, the tortfeasor crossed the center line, in violation of various common law and statutory rules of the road, and negligently struck plaintiff's car head on in the plaintiff's lane, thereby causing her to suffer serious and permanent injuries, including fractures, emotional distress, loss of life's enjoyments, medical expenses and loss of wages and earning capacity.

4.  The aforesaid collision and resultant injuries to the plaintiff were proximately caused by the negligence and carelessness of the tortfeasor.

5.  The liability insurance coverage for the tortfeasor has been exhausted, and is insufficient to compensate the plaintiff for her losses.

6.  The defendant, American States Insurance Company ("SAFECO"), is duly licensed to transact insurance business in the State of Connecticut and operates within the State of Connecticut.

7.  In consideration of a premium paid by the plaintiff, the defendant, SAFECO, issued to the plaintiff a policy of insurance, with supplementary underinsured motorist bodily injury coverage. Pursuant to the terms of this policy, the defendant agreed to pay compensatory damages which the covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because bodily injury sustained by a covered person and caused by an auto accident.

8.  The vehicle operated and owned by tortfeasor was an underinsured vehicle under the policy because the total of all limits of liability under all bodily injury liability bonds and policies, applicable at the time of the accident, is less than the limits of UM/UIM coverage as shown in the Declarations of the policy, namely $500,000.

9.  On the date of this incident, while the defendant's policy was in full force and effect, the plaintiff, an insured person and a covered person under the aforesaid policy, sustained bodily injuries of a serious and painful nature, which resulted in permanent disabilities when the vehicle which she was operating was struck by a motor vehicle operated by tortfeasor.

10.     The plaintiff is legally entitled to recover damages from the defendant under the law and the provisions of the policy.

11.     The defendant, SAFECO, in willful violation of its duty of good faith and fair dealing, improperly depleted the subject policy limits, without notice to or consent by the plaintiff, by compromising a claim of the Estate of Dimitrios Caratzas, a deceased passenger within plaintiff's vehicle, when the Estate had other sufficient coverage available to it.

12.     As a result, the plaintiff has suffered economic loss and severe emotional distress.

WHEREFORE, the plaintiff claims:

(a)     compensatory damages;

(b)     punitive damages for the conduct alleged in Count Two;

(c)     such other and further relief as law and equity may provide.

THE PLAINTIFF,
ELAINE MAZZEO

BY _____
Joel T. Faxon (ct 16255)
Jason K. Gamsby (ct 29714)
Faxon Law Group, LLC
59 Elm Street
New Haven, CT 06510
jfaxon@faxonlawgroup.com
Telephone: (203) 624-9500
Facsimile: (203) 624-9100

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ P. 38(b), the plaintiff hereby demands a trial by jury on all claims.

## CERTIFICATION OF SERVICE

I hereby certify that, on July 21, 2015, a copy of foregoing *Amended Complaint* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

BY: _____
Jason K. Gamsby
Federal Bar: ct29714